UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BARANCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>Defendants. | Case No. 17-cv-03580-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD COUNSEL**<br><br>Docket No. 24 |

Plaintiffs have filed an unopposed motion for appointment of McCune Wright Avervalo, LLP & Blood Hurst & O'Reardon LLP as interim class co-counsel, pending class certification. The federal rules permit the court to make such interim designations. Fed. R. Civ. P. 23(g)(3). Interim appointments are permitted "if necessary to protect the interests of the putative class." Fed. R. Civ. P. 23(g)(2)(A) advisory committee notes on 2003 amends. That may include, for example, cases "in which overlapping, duplicative, or competing class suits are pending before a court[.]" *Wang v. OCZ Tech. Grp., Inc.*, Case No. C 11-01415 PSG, 2011 WL 13156817, at *2 (N.D. Cal. Jun. 29, 2011) (citation and quotation omitted). Interim appointments are otherwise viewed as "premature before other counsel file cases on behalf of other clients." *Id.* (citation and quotation omitted); *see also Kristin Haley v. Macy's Inc.*, Case No. 15-cv-06033-HSG, 2016 WL 4676617, at *3 (N.D. Cal. Sep. 7, 2016) (appointment of interim counsel unnecessary where "[t]here is no rivalry between . . . firms" or any competing cases).

Plaintiffs have submitted evidence of their qualifications, their experience leading other complex litigation, their work preparing the instant litigation, and their willingness to devote resources to the litigation. However, they have provided no explanation why an interim appointment is necessary to protect the interests of the putative class, such as competition in

pursuing the putative class's claims or competing cases. Although Plaintiffs state that there was originally another case in the Eastern District of Michigan (filed in April 2017), they explain that the attorneys in both cases met and conferred and agreed to consolidate their claims in the instant litigation and to co-counsel the consolidated case. *See* Docket No. 18 (First Amended Complaint). As of this time, there do not appear to be any other competing cases or firms vying to represent the class. Moreover, Plaintiffs did not identify any related cases when they filed this litigation, *see* Docket No. 1-3 (Civil Cover Sheet), and have not notified the court of any related cases since then. It is therefore not clear why an interim appointment of class counsel is needed to protect the class's interests at this time. *Cf. Wang, supra*; *Haley, supra*.

For that reason Plaintiffs' request is **DENIED** without prejudice to filing another request if additional information later comes to light and without prejudice for moving for appointment of class counsel concurrent with a motion for class certification. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and **VACATES** the hearing.

This order disposes of Docket No. 24.

**IT IS SO ORDERED**.

Dated: October 25, 2017

EDWARD M. CHEN
United States District Judge