BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
CAMILLE S. BASS (297609)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
cbass@bholaw.com

McCUNE WRIGHT AREVALO LLP
JOSEPH G. SAUDER
MATTHEW D. SCHELKOPF (*pro hac vice*)
JOSEPH B. KENNEY
555 Lancaster Avenue
Berwyn, PA 19312
Tel: 610/200-0581
jgs@mccunewright.com
mds@mccunewright.com
jbk@mccunewright.com

Attorneys for Plaintiffs and the Class

Additional counsel listed on signature page

DYKEMA GOSSETT LLC
TAMARA A. BUSH (197153)
333 South Grand Avenue, Suite 3100
Los Angeles, CA 90071
Tel: 213-457-1800
Fax: 213-457-1850
tbush@dykema.com

JOHN M. THOMAS (266842)
DAVID M. GEORGE, Pro Hac Vice
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Tel: 734/214-7613
Fax: 734-214-7696
jthomas@dykema.com
dgeorge@dykema.com

MCAFEE & TAFT
SHERRY A. ROZELL, Pro Hac Vice
Two W. Second Street, Suite 1100
Williams Center Tower II
Tulsa, OK 74103
Tel: 918-587-0001
Fax: 918-574-3101
sherry.rozell@mcafeetaft.com

Attorneys for Defendant Ford Motor Co.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID BARANCO, JAMES ABBITT, HARRIET ABRUSCATO, DONALD BROWN, DANIEL CARON, ANITA FARRELL, JOHN FURNO, JAMES JENKIN, ROGER KINNUNEN, GARY KUBBER and MALISA NICOLAU individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. 3:17-cv-03580-EMC<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>CLASS ACTION<br><br>District Judge Edward M. Chen<br>Courtroom 5, 17th Floor<br><br>Comp. Filed: June 21, 2017<br>Trial Date: Not Yet Set<br><br>**JURY TRIAL DEMANDED** |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, Plaintiffs and Defendant (the "Parties"), by and through their respective counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, HEREBY STIPULATE that:

1. **Parties to the Protective Order.** This Stipulated Protective Order ("Order") shall govern, for pretrial purposes only, the Parties in the above-captioned action (the "Action"). All references to "Party" or "Designating Party" throughout this Order are intended to include non-parties who agree to be bound by this Order.

2. **Scope of Order.** This Order is intended to facilitate the Parties' production of certain information and documents as part of voluntary disclosure and in response to discovery requests. Nothing in this Order is to be construed to expand or limit the Parties' discovery obligations. This Order covers the production and use of all Protected Documents in this action that constitute, contain, or disclose, in whole or in part, information which the Designating Party designates as "Confidential." This Order is also intended to apply to any documents produced to the Parties by a non-party in connection with a subpoena. Nothing in this Order will prevent counsel from using Confidential Information in connection with any work product created by or on behalf of that counsel. Subject to the provisions of paragraphs 9 and 15 herein, such work product may be retained by the counsel creating it.

3. **General Definitions.** For purposes of this Order, the following terms have the following meanings:

    a. Pursuant to Fed. R. Civ. P. 26(c)(1)(G) and Cal. Civ. Code §§ 3426, *et seq.,* "Confidential Information" shall mean trade secrets or other confidential research, development, or commercially sensitive business information, the disclosure of which would cause competitive harm, that is contained in Protected Documents, and which have not been disclosed or made available to the public. Confidential Information may include, but is not limited to: (1) engineering documents, including design drawings and other technical engineering related specifications; (2) test documents, analysis, and testing procedures;

(3) manufacturing specifications and procedures, including communications with and process documents pertaining to Ford's suppliers and supplier relationships; (4) internal business or financial information; (5) confidential customer information and personally identifiable information; and (6) any other similar proprietary, confidential, private information, commercially sensitive business information, or competitive intelligence, including but not limited to, trade secrets. Confidential Information shall not include information that has been publicly disclosed by any Party prior to the date hereof, or that has been or is as of the date hereto generally available to the public, or that becomes generally available to the public after the date hereof, other than as a result of disclosure by the Non-Designating Party.

      b.    "Customer" shall mean any person or entity that purchases or otherwise comes to possess Defendant's product.

      c.    "Designating Party" shall mean the Party or non-party designating Discovery Material as "Confidential."

      d.    "Discovery Materials" shall mean and include, without limitation, Documents, including Electronically Stored Information (ESI), responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, CD-ROMs, tapes or other items, deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any non-party witness pursuant to subpoena or otherwise in the course of discovery.

      e.    "Document" shall mean and include, without limitation, all written material, videotapes, and all other tangible items, produced in whatever format (*e.g.*, hard copy, electronic, digital, etc.) and on whatever media (*e.g.*, hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive, or otherwise) defined as permitted under Fed. R. Civ. P. 34.

      f.    "Party" or "Parties" shall mean and include the parties to this litigation.

      g.    "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

1  h. "Protected Documents" shall mean documents and materials to be produced in this litigation which contain Confidential Information.

4. **Designating Confidential Information.**

a. All designations of Confidential Information shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender.

b. The designation of Confidential Information may be made by marking or placing the applicable notice "Subject to Protective Order," "Confidential," or substantially similar notice on media containing the documents, on the document itself, or on a copy of the document, in such a way that it does not obscure the text or other content of the document. The parties recognize that native-format documents cannot be stamped with a confidential designation on the document itself; thus, to the extent native-format documents are produced, the producing Party will make reasonable efforts to identify native-format documents in a manner so that it is clear that they are designated as confidential under this protective order (*e.g.*, slip sheets, file name, on the media containing the document, etc.).

c. Any document or any information designated as "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Order shall only be used, shown, or disclosed as provided in this Order.

d. The burden of proving that a Protected Document contains Confidential Information is on the Designating Party. Prior to designating any material as "Confidential," the Designating Party must make a bona fide determination that the material is, in fact, a trade secret or other confidential research, development, or commercial information subject to protection under Fed. R. Civ. P. 26(c)(1)(G).

e. If a Party disagrees with the "Confidential" designation of any Protected Document, the Party will so notify the Designating Party in writing. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction. The Parties shall follow the procedures set forth in Civil Local Rule 37-1 and the Court's Civil Standing Order on Discovery to resolve whether the Confidential Information should be treated as "Confidential." If the objection cannot be resolved by agreement, the Designating

Party shall initiate the process for filing a joint letter pursuant to the Court's Civil Standing Order on Discovery within thirty (30) days after counsel have concluded that no agreement can be reached. The document or information whose "Confidential" designation or redaction is objected to shall continue to be treated as "Confidential," as applicable, until the motion has been decided by the Court.

    f. Personally Identifying Information ("PII") of Ford customers contained in documents produced by Ford shall be treated as "Confidential" as outlined in this Order. The Parties continue to meet and confer regarding whether Ford can redact PII from the documents produced to Plaintiffs, the use of PII contained in responsive documents to contact absent class members prior to the Court determining whether a class can be certified, whether any limitations should apply to any such communications, and whether any disclosures should be made in connection with any such communications.

   5. **Use and Disclosure of Protected Documents.**

    a. Protected Documents and any copies thereof received pursuant to this Protective Order shall be maintained Confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for purposes of this action, subject to the limitations set forth herein. The persons or entities identified in Paragraph 4(b)(i)-(ix) below to whom Protected Documents are disclosed pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Protected Documents or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Protected Documents other than in accordance with this Order.

    b. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

     i. The Court and its personnel;

     ii. The Parties to this litigation;

<small>
4  Case No. 3:17-cv-03580-EMC
[PROPOSED] STIPULATED PROTECTIVE ORDER
00132928

    iii.  Counsel of record in this litigation, as well as paralegals, technical, administrative, and clerical employees working under the direct supervision of such counsel;

    iv.  Experts and non-attorney consultants retained by the Parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is currently employed by an automobile manufacturer competitor of Ford;

    v.  A potential, anticipated, or actual fact witness whom counsel for the disclosing Party believes in good faith is likely to have knowledge pertaining to the content of the Protected Documents to be disclosed;

    vi.  The author(s) or any recipient of the document;

    vii.  Litigation support consultants and vendors who provide litigation support services (*e.g.*, photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations, etc.);

    viii.  Court reporters recording and/or transcribing deposition testimony; and

    ix.  Any person expressly named and agreed to in writing by the Parties or by further Order of the Court.

  c.  While the Parties may provide Protected Documents in accordance with the provisions of this Protective Order in an electronic form, such documents may not be posted on any website or internet accessible document repository that is accessible to anyone other than "Qualified Persons" listed above.

  d.  All persons described in Paragraph 4(b)(i)-(ix) above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Protected Documents and Confidential Information.

5  Case No. 3:17-cv-03580-EMC
[PROPOSED] STIPULATED PROTECTIVE ORDER
00132928

e. All persons described in Paragraphs 4(b)(iv), (v), and (ix) above shall not have access to Protected Documents without having first read, acknowledged, and agreed to be bound by this Order by executing the Agreement to be Bound attached as **Exhibit A** (the "Agreement to Be Bound").

f. Each Party's counsel shall retain each executed Agreement to Be Bound and a list of Protected Documents disclosed to each person who signed an Agreement to Be Bound. Each executed Agreement to Be Bound shall not be made available to the Designating Party during the pendency of the litigation but shall, along with the list of Protected Documents disclosed, be available for an *in camera* inspection by the Court if good cause for review is demonstrated by the Designating Party. During the pendency of the litigation or after the termination of the litigation, subject to the attorney work product doctrine/attorney-client privilege and for good cause shown, the Court may order any party to provide to the Designated Party any executed Agreement to Be Bound.

g. Stipulation to and entry of this Protective Order does not prohibit a party from seeking entry of a separate order, if warranted, governing documents identified and designated as Highly Confidential which would be disclosed only to persons described in Paragraphs 4(b)(iii), (iv), (vi), (vii), and (ix) and members of the in-house legal departments for the Parties to this litigation or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this litigation.

6. **Designation of Deposition Testimony.**

a. Deposition testimony that counsel for the Party or non-party witness tendering such testimony, in good faith, believes refers to Protected Documents or information obtained therefrom shall be designated as "CONFIDENTIAL," as applicable, by such counsel by making a statement on the record for inclusion in the deposition transcript or, in writing, within twenty-one (21) calendar days after receipt of the transcript.

b. When Protected Documents or information obtained therefrom is designated as "Confidential" in a deposition transcript, the counsel making the designation

1 | shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated "CONFIDENTIAL" in the transcript.

    c. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages and lines of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

    d. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain Confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

7. **<u>Filing Under Seal</u>.** If any party wishes to file or lodge Protected Documents, portions of Protected Documents, or information taken from Protected Documents with the Court, that party must seek to file under seal pursuant to Civil Local Rule 79-5(d) and serve the Designating Party on the same day with a copy of the declaration identifying the documents or portions that contain designated confidential material. Civil L.R. 79-5(e). Within four (4) days of this notification, the Designating Party must file a responsive declaration under Civil Local Rule 79-5(d)(1)(A) to establish that the material is sealable. Pending determination of the motion, the lodged document(s) will be conditionally under seal. Until such time as the Court issues an order sealing the Protected Documents, the party seeking to use the Protected Documents may refer only to a redacted version. Upon granting of an order sealing the record, the Protected Documents will be sealed and labeled by the court clerk and treated according to Civil Local Rule 79-5(g). Upon denial of such an order, the documents may be filed in the public record no earlier than four (4) days and no later than ten (10) days after the motion is denied. Civil L.R. 79-5(e)(2).

8.  **Return and Destruction of Protected Documents.** Within ninety (90) days after the conclusion of this case, upon request of the Designating Party, counsel for the Party who has received Protected Documents shall either: (a) return to the Designating Party the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, or (b) securely destroy the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, and certify in writing such destruction to the Designating Party.

9.  **Inadvertent Production.**

a.  Inadvertent or unintentional production of documents or information containing information which should have been designated as Confidential shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality. If a Party has inadvertently or unintentionally produced information which should have been designated as Confidential, the producing Party will notify the receiving Party within ten (10) days of discovery of the inadvertent production and request that the Confidential designation be applied to such documents or information. If a receiving party objects to the producing Party's Confidentiality designation, it will notify the producing Party of its objections in writing within seven (7) business days of receipt of the notification described above, and the Parties shall proceed in accordance with paragraph 3(e) to resolve the dispute. Pending the Court's ruling, a receiving Party agrees to maintain the documents as Confidential under the terms of this Order.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation by advising all other Parties in writing and by producing replacement documents or material with the "Confidential" designation as described above, the receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

b.  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example,

the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

10. **Right to Use Own Information.** Nothing in this Order shall limit any Party's right to disclose to any person, or use for any purpose, its own information and Documents.

11. **Subpoena or Order.** If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential, counsel for the receiving Party must promptly notify counsel for the Designating Party in writing, and in no event, more than five (5) business days after receiving the subpoena or order. Counsel for the receiving Party also must inform, in writing, the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.

12. **Non-Party Discovery.** Any documents or information produced by a non-party witness in discovery in the action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the Parties hereto.

13. **Submissions to Regulatory Agencies or Governmental Entitles.**

　　a.　This Stipulated Protective Order shall not be construed to prohibit Ford's disclosure or production of safety-related information to a regulatory agency or governmental entity with an interest in the safety-related information. Material subject to this Order may only be disclosed to a regulatory agency or governmental entity with an interest in the safety-related information by Ford, and such disclosure shall be made pursuant to 49 C.F.R. 512 or similar applicable rules.

　　b.　If other parties to this Order have a reasonable belief that certain documents are safety-related and need to be disclosed to a regulatory agency or governmental entity, they are not prohibited from advising the regulatory agency or governmental entity that they believe such documents were produced in this case, however, any disclosure of such documents shall adhere to the procedure described in Paragraph 12(a).

14. **Modification.** This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the Parties or pursuant to further Court Order.  If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

15. **Duration.**

    a. After termination of this litigation, the provisions of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the Parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

    b. This Protective Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Respectfully submitted,

Dated: March 19, 2018

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
CAMILLE S. BASS (297609)

By: *s/ Leslie E. Hurst*
LESLIE E. HURST

501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
cbass@bholaw.com

McCUNE WRIGHT AREVALO LLP
JOSEPH G. SAUDER
MATTHEW D. SCHELKOPF (*pro hac vice*)
JOSEPH B. KENNEY
555 Lancaster Avenue
Berwyn, PA  19312
Tel: 610/200-0581
jgs@mccunewright.com

| | |
|---|---|
| 1 | mds@mccunewright.com |
| | jbk@mccunewright.com |
| 2 | |
| | McCUNE WRIGHT AREVALO LLP |
| 3 | RICHARD D. McCUNE (132124) |
| | DAVID C. WRIGHT (177468) |
| 4 | 3281 East Guasti Road, Suite 100 |
| | Ontario, CA  91761 |
| 5 | Tel: 909/557-1250 |
| | 909/557-1275 (fax) |
| 6 | rdm@mccunewright.com |
| | dcw@mccunewright.com |
| 7 | |
| | BARNOW AND ASSOCIATES, P.C. |
| 8 | BEN BARNOW (*pro hac vice*) |
| | ERICH P. SCHORK (*pro hac vice*) |
| 9 | 1 North LaSalle Street, Suite 4600 |
| | Chicago, IL  60602 |
| 10 | Tel: 312/621-2000 |
| | 312/641-5504 (fax) |
| 11 | b.barnow@barnowlaw.com |
| | e.schork@barnowlaw.com |
| 12 | |
| | THE COFFMAN LAW FIRM |
| 13 | RICHARD L. COFFMAN (*pro hac vice*) |
| | First City Building |
| 14 | 505 Orleans St., Fifth Floor |
| | Beaumont, TX  77701 |
| 15 | Tel: 409/833-7700 |
| | 866/835-8250 (fax) |
| 16 | rcoffman@coffmanlawfirm.com |
| 17 | |
| | THE DAVENPORT LAW FIRM LLC |
| | COURTNEY L. DAVENPORT (*pro hac vice*) |
| 18 | 18805 Porterfield Way |
| | Germantown, MD  20874 |
| 19 | Tel: 703/901-1660 |
| | courtney@thedavenportlawfirm.com |
| 20 | |
| | THE MILLER LAW FIRM. P.C. |
| 21 | E. POWELL MILLER (P39487) |
| | SHARON S. ALMONRODE (P33938) |
| 22 | DENNIS A. LIENHARDT (P81118) |
| | 950 W. University Dr., Suite 300 |
| 23 | Rochester, MI  48307 |
| | Tel: 248/841-2200 |
| 24 | 248/652-2852 (fax) |
| | epm@millerlawpc.com |
| 25 | ssa@millerlawpc.com |
| | dal@millerlawpc.com |
| 26 | |
| | *Attorneys for Plaintiffs and the Class* |
| 27 | |
| 28 | /// |

| | | |
|---|---|---|
| 1 | Dated: March 19, 2018 | DYKEMA GOSSETT LLC<br>JOHN M. THOMAS (266842)<br>DAVID M. GEORGE (*pro hac vice*) |
| 2 | | |
| 3 | | |
| 4 | | By:  *s/ David M. George*<br>　　　　DAVID M. GEORGE |
| 5 | | 2723 South State Street, Suite 400<br>Ann Arbor, MI  48104<br>Tel: 734/214-7613<br>734/214-7696 (fax)<br>jthomas@dykema.com<br>dgeorge@dykema.com |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | TAMARA A. BUSH (197153)<br>333 South Grand Avenue, Suite 3100<br>Los Angeles, CA  90071<br>Tel: 213/457-1800<br>213/457-1850 (fax)<br>tbush@dykema.com |
| 10 | | |
| 11 | | |
| 12 | | McAFEE & TAFT<br>SHERRY A. ROZELL (*pro hac vice*)<br>Two W. Second Street, Suite 1100<br>Williams Center Tower II<br>Tulsa, OK  74103<br>Tel: 918/587-0001<br>918/574-3101 (fax)<br>sherry.rozell@mcafeetaft.com |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | *Attorneys for Defendant Ford Motor Co.* |

### ECF CERTIFICATION

The filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to this document.

| | | |
|---|---|---|
| 21 | Dated: March 19, 2018 | BLOOD HURST & O'REARDON, LLP |
| 22 | | By:  *s/ Leslie E. Hurst*<br>　　　　LESLIE E. HURST |

**[PROPOSED] ORDER**

Having reviewed the above Stipulated Protective Order, and finding good cause exists, IT IS HEREBY ORDERED that the Stipulated Protective Order be entered as an order of this Court.

**IT IS SO ORDERED.**

Dated: 3/19/2018



HON. EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID BARANCO, JAMES ABBITT, HARRIET ABRUSCATO, DONALD BROWN, DANIEL CARON, ANITA FARRELL, JOHN FURNO, JAMES JENKIN, ROGER KINNUNEN, GARY KUBBER and MALISA NICOLAU individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. 3:17-cv-03580-EMC<br><br>**AGREEMENT TO BE BOUND (EXHIBIT A TO STIPULATED PROTECTIVE ORDER)** |

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1. I have read the Stipulated Protective Order attached hereto, and I understand its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the United States District Court Northern District of California in the above-captioned case and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

1  Further Affiant sayeth not.

2  This _____ day of _____, 20___.

_____

AFFIANT

SUBSCRIBED AND SWORN to before me
this ___ day of _____, _____.

_____
NOTARY PUBLIC

Name:_____

No.:_____

My Commission Expires:_____

3   Case No. 3:17-cv-03580-EMC
00132928
EXHIBIT A

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 19, 2018.

*s/ Leslie E. Hurst*
LESLIE E. HURST

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
lhurst@bholaw.com