UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID BARANCO, et al.,

        Plaintiffs,

   v.

FORD MOTOR COMPANY, et al.,

        Defendants.

Case No.  17-cv-03580-EMC

**ORDER RE: JOINT DISCOVERY LETTER**

Docket No. 91

The parties dispute the extent to which Ford must disclose its search methods and parameters.  It is well-established that, when search terms are used in ESI discovery, the parties should cooperate to select reasonable search terms and custodians.  *See* N.D. Cal. Guidelines for Discovery of ESI, 1.02, 2.02-2.03; *De Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, No. 11-cv-04001, 2013 U.S. Dist. LEXIS 120368, at *10 (N.D. Cal. Aug. 23, 2013) (ordering defendant to disclose search parameters and to meet and confer regarding their sufficiency); *Burd v. Ford Motor Co.*, Case No. 13-cv-20976, 2015 U.S. Dist. LEXIS 88518, at *36-37 (S.D. W. Va. Jul. 8, 2015) (rejecting argument that disclosure of search methods and custodians would infringe on attorney work-product privilege).  Here, Ford will not exclusively use ESI search terms, but also other undisclosed collection methods it claims are more efficient.

Plaintiffs only seek information about what methods Ford intends to utilize; they do not seek to compel Ford to utilize a particular method at this time.  *Compare In re Viagra (Sildenafil Citrate) Prods. Liab. Litig.*, No. 16-md-02691, 2016 U.S. Dist. LEXIS 144925 (N.D. Cal. Oct. 14, 2016).  Ford claims its search methods are protected by the attorney-client or attorney work product privilege.  That contention is at odds not only with case-law and this Court's guidelines, but it is also inconsistent with Ford's insistence that Plaintiffs will have an opportunity later to ask

deponents how they located responsive documents to assess search adequacy.  If Plaintiffs can ask later, then they can ask now.

Moreover, the purpose of meeting and conferring *before* documents are collected and produced is to minimize the risk of an inadequate search.  Transparency and cooperation prior to document collection promote efficiency by reducing the risk that after-the-fact disputes will necessitate a costly second or third iteration.  It is true that a search's adequacy cannot be finally assessed until production is complete, but that does not mean that preliminary assessments are impossible or unhelpful.  Plaintiffs are entitled to tell Ford that searching the kitchen pantry for spare tires will likely be inadequate.  And Ford might counter that it will also search the garage. The point is that these discussions should occur before expensive searches and depositions.

The Court orders Ford to disclose its proposed search methodology, including the identity of its custodians, so that Plaintiffs have a reasonable opportunity to provide their input, objections, or suggestions as part of the meet-and-confer.  Ford should also disclose its basis for believing that its proposed search is proportional, adequate, and likely not to exclude responsive documents.

This order disposes of Docket No. 91.

**IT IS SO ORDERED**.

Dated:  April 10, 2018

_____
EDWARD M. CHEN
United States District Judge